UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAIFAH SALAHUDDIN,

                Plaintiff,

-against-

ACCESS-VR; SRC; ACCES-VR/SRC; ANNE STERNBACH; REBECCA ROBINSON-LAWRENCE; LINDA VILLANYI; VANESSA SCHOLACK; ANITA DARBY; LOREEN CAMPELL, all in their individual & official capacities, other related parties, government & private Jane/John Doe,

                Defendants.

1:21-CV-4499 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Shaifah Salahuddin, who appears *pro se*, asserts claims under multiple federal statutes, including the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act of 1990, and Title VI of the Civil Rights Act of 1964. She also asserts claims under the New York State and City Human Rights Laws. Plaintiff's claims arise from the defendants' alleged discrimination and retaliation against Plaintiff with regard to her participation in the New York State Education Department's Adult Career and Continuing Education Services – Vocational Rehabilitation (ACCES-VR) program. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Plaintiff lists as the addresses for the defendants ACCES-VR offices in Albany, Brooklyn, and New York, New York. Thus, this Court and the United States District Courts for the Northern and Eastern Districts of New York appear to be proper venues for this action under Section 1391(b)(1).[1] Plaintiff also alleges that a substantial part of the alleged events took place in Brooklyn. Thus, the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Even though venue may be proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a)

---

[1] Albany is located in the Northern District of New York. *See* 28 U.S.C. § 112(a). Brooklyn (Kings County) is located in the Eastern District of New York. *See* § 112(c). New York County (Manhattan) is located in this judicial district, the Southern District of New York. *See* § 112(b).

*sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate for this action. The underlying events occurred in Brooklyn, in the Eastern District of New York. *See* § 112(c). In addition, it is likely that relevant documents and witnesses are located in that judicial district. Thus, the Court concludes, based on a totality of the circumstances, that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge